UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID NICHOLAS,

              Petitioner,

v.                                              9:19-CV-0322
                                                        (GLS/ATB)

TIMOTHY McCARTHY,

              Respondent.

---

APPEARANCES:                                          OF COUNSEL:

DAVID NICHOLAS
Petitioner pro se
88-A-9566
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

## I.    INTRODUCTION

Petitioner David Nicholas filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as various state court exhibits. Dkt. No. 1, Petition ("Pet."), Dkt. No. 1-1, Exhibits.

On March 15, 2019, the Court administratively closed the action because it had not been properly commenced: petitioner did not pay the statutory filing fee or file a properly certified in forma pauperis (IFP) application. Dkt. No. 2. Later that day, the Court received

the statutory filing fee, and the case was reopened. Dkt. No. 3; Text Only Order of Mar. 15, 2019 (identifying receipt number for filing fee); Dkt. No. 4, Text Order Reopening Case.

## II. THE PETITION

Petitioner challenges a 1988 judgment of conviction in Onondaga County, upon a jury verdict, of two counts of first degree attempted murder, two counts of attempted aggravated assault upon a police officer, three counts of fourth degree criminal possession of stolen property, two counts of fifth degree criminal possession of stolen property, criminal possession of a weapon, and reckless driving. Pet. at 1-2; *People v. Nicholas*, 163 A.D.2d 844, 844 (4th Dep't 1990); *see* Dkt. No. 1-1 at 2-3.[1] The New York State Supreme Court, Appellate Division, Fourth Department, affirmed the judgment, and, on November 2, 1990, the New York Court of Appeals denied leave to appeal. Pet. at 2-3; *Nicholas*, 163 A.D.2d at 845, *lv. denied*, 76 N.Y.2d 989 (1990).

On March 15, 2017, petitioner filed a motion to vacate his judgment pursuant to New York Criminal Procedure Law § 440.10. Pet. at 3-4. The motion was denied on September 28, 2017. *Id.* at 4; Dkt. No. 1-1 at 5-13. The Fourth Department then denied petitioner's moion for leave to appeal on March 13, 2018. Pet. at 4-5; Dkt. No. 1-1 at 15-16.

On April 30, 2018, petitioner filed a motion for reconsideration with the Fourth Department. Pet. at 5-7. The Fourth Department denied the motion on July 27, 2018. *Id.* at 7; Dkt. No. 1-1 at 17-18.

On August 25, 2018, petitioner filed "a motion to address an 'abuse of discretion'" in the Court of Appeals. Pet. at 8. The Court of Appeals denied the motion on October 19,

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

2018. *Id.*; Dkt. No. 1-1 at 19; *see People v. Nicholas*, 32 N.Y.3d 1067 (2018). Petitioner filed a motion for reconsideration. Pet. at 8-9. The request was denied on January 11, 2019. *Id.* at 9; Dkt. No. 1-1 at 20; *see People v. Nicholas*, 32 N.Y.3d 1176 (2019).

Petitioner contends that he is entitled to federal habeas relief because (1) he was subjected to prosecutorial misconduct when "representatives of the state knowingly falsified physical evidence . . . , information and testimony relevant to the crimes of attempted murder . . . and attempted aggravated assault" (Pet. at 10-11); (2) his trial counsel was ineffective (*id.* at 11-12); and (3) the trial court erred in its "unreasonable determination of the facts and incorrect interpretation/application of the CPL § 440 statute" (*id.* at 12-14). For a more complete statement of petitioner's claims, reference is made to the petition and attached exhibits.

## III. DISCUSSION

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[2]

---

[2] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). *See* 28 U.S.C. § 2244(d)(1)(B)-(D). None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *See Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

Moreover, AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1931 (2013). However, a petitioner's lack of legal knowledge does not constitute extraordinary

4

circumstances preventing him or her from filing a timely petition. *See Jenkins v. Greene,* 630 F.3d 298, 305 (2d Cir. 2010); *Smith,* 208 F.3d at 18 (noting that a petitioner's pro se status does not establish sufficient ground for equitable tolling).

In this case, petitioner's conviction was affirmed by the Court of Appeals on November 2, 1990. Pet. at 2-3; *Nicholas*, 163 A.D.2d at 845, *lv. denied*, 76 N.Y.2d at 989. Petitioner's conviction became "final" for purposes of the AEDPA ninety days later, on January 31, 1991, when the time to seek a writ of certiorari expired. *Thaler*, 565 U.S. at 149. Petitioner had one year from that date, or until January 31, 1992, to file a timely federal habeas petition. The present petition, signed on March 10, 2019, is twenty-seven years late.

Further, it does not appear that the statute of limitations should be statutorily or equitably tolled. The petition indicates that petitioner filed an extensive collateral attack to his state court conviction beginning in March 2017. Pet. at 3-9; Dkt. No. 1-1 at 5-20. Although petitioner filed a § 440.10 motion, it too was after the date to timely file; therefore, that motion cannot serve to "revive [an] expired statute of limitations." *Gillard v. Sticht*, No. 9:16-CV-0513 (MAD), 2017 WL 318848, at *3 (N.D.N.Y. Jan. 23, 2017) (citations omitted); *accord Roberts v. Artus*, No. 1:16-CV-2055, 2016 WL 2727112, at *2 (E.D.N.Y. May 5, 2016) ("If the 440 motion was filed after the one-year statute of limitations period expired, it cannot be counted for purposes of statutory tolling.").

Moreover, it appears petitioner may be arguing that equitable tolling should apply as petitioner did not receive the documents that he alleges demonstrated the prosecutorial misconduct until he acquired the "defense file in March of 2015[.]" Pet. at 6. However, this still does not explain why it still took petitioner two years to collaterally attack his state court conviction after receiving said file. Therefore, despite petitioner's conclusory assertions that

5

his petition is entitled to tolling, he fails to provide any specific facts which would satisfy the standard set forth above. *See Holland*, 560 U.S. at 649 (explaining that the application of equitable tolling requires that a petitioner was actively pursuing his rights but was nonetheless prevented by extraordinary circumstances); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). Consequently, given the lack of information contained in the petition, it is unclear whether or not tolling actually applies in this instance.

The Supreme Court has held that the district court may raise the statute of limitations issue sua sponte, but before the court may dismiss the petition sua sponte on that basis, the petitioner is entitled to notice and an opportunity to be heard regarding the timeliness issue. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006). Accordingly, the Court will give petitioner an opportunity to file a written affirmation **within thirty (30) days** of the filing date of this Decision and Order explaining why the statute of limitations should not bar his petition. The affirmation shall not exceed fifteen (15) pages in length. If petitioner fails to comply with this order, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

**V. CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that petitioner may file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, explaining why the statute of limitations should not bar this petition. The affirmation shall not exceed fifteen (15) pages in length. Petitioner should state the date(s) upon which he filed any state court applications for relief in which he challenged his conviction, including the name and location of the court(s) in which he filed each application, and the date(s) upon which the application(s) was/were denied. If petitioner is asking the court to equitably toll the limitations period, he must set forth facts

6

establishing a basis for the application of equitable tolling as stated above. If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so. No answer to the petition will be required from the respondent until petitioner has submitted the required affirmation, and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that, upon petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the court for review; and it is further

**ORDERED** that, if petitioner fails to submit the required affirmation, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d) with no further order from the Court; and it is further;

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

March 19, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge