UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID NICHOLAS,

                Petitioner,          9:19-cv-322
                                                    (GLS/ATB)

          v.

TIMOTHY MCCARTHY,

                Respondent.
_____

## SUMMARY ORDER

On April 17, 2020, Magistrate Judge Andrew T. Baxter issued a Report-Recommendation (R&R), which recommends that petitioner *pro se* David Nicholas' petition for a writ of habeas corpus, (Pet., Dkt. No. 1), be denied and dismissed, and that the court decline to issue a certificate of appealability. (Dkt. No. 24.) Pending before the court are Nicholas' objections to the R&R. (Dkt. No. 27.) For the reasons that follow, the R&R is adopted in its entirety, Nicholas' petition is denied and dismissed, and the court declines to issue a certificate of appealability.

Nicholas challenges a 1988 judgment of conviction in the New York State Supreme Court, Onondaga County, upon a jury verdict, of two counts of first degree attempted murder, two counts of attempted aggravated assault upon a police officer, three counts of fourth degree criminal

possession of stolen property, two counts of fifth degree criminal possession of stolen property, criminal possession of a weapon, and reckless driving. (Pet. at 1-2.) His judgment of conviction was affirmed by the Appellate Division, Fourth Department, in July 1990, and the Court of Appeals denied leave to appeal in November 1990. (*Id.* at 2-3.) In March 2017, Nicholas filed a motion to vacate his judgment in New York State court pursuant to New York Criminal Procedure Law (CPL) § 440.10, which was denied in September 2017. (*Id.* at 3-4.)

Nicholas mailed the instant petition on March 11, 2019, in which he raises the following grounds for relief: (1) he was subjected to prosecutorial misconduct when representatives of the state knowingly falsified physical evidence, information, and testimony relevant to the crimes of attempted murder and attempted aggravated assault; (2) his trial counsel was ineffective; and (3) the trial court erred in its unreasonable determination of the facts and its incorrect interpretation/application of CPL § 440.10. (*See generally id.*)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that, under certain circumstances, a federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in

2

state court.  *See* 28 U.S.C. § 2254(d).  AEDPA has a one-year statute of limitations, which generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review.  *See id.* § 2244(d)(1).  As applicable here, if the judgment of conviction was entered prior to AEDPA becoming effective, then the petitioner has one year from the effective date to file his petition.  *See Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998).  Because AEDPA became effective on April 24, 1996, Nicholas had until April 24, 1997 within which to file his petition.  *See id.* at 98, 103.

Additionally, the AEDPA's one-year statute of limitations period is subject to equitable tolling in appropriate cases.  *See Davis v. Lempke*, 767 F. App'x 151, 153 (2d Cir. 2019).  To warrant equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Id.* (citation omitted).  Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) in cases where a petitioner can prove actual innocence.  *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

Judge Baxter recommends denial and dismissal of the petition as

untimely.  (Dkt. No. 24.)  Specifically, Judge Baxter explains that the statute of limitations began to run for Nicholas on April 24, 1997, and he did not mail his petition until March 11, 2019, and, further, Nicholas did not assert actual innocence, nor did he show that he had been diligently pursuing his rights or that an extraordinary circumstance prevented him from filing a timely petition to warrant equitable tolling.  (*Id.* at 5-10.)  Nicholas filed timely objections to the R&R.  (Dkt. No. 27.)

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*.  *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006).  In cases where no party has filed an objection, or only vague or general objections have been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.  *See id.* at *5.

Nicholas' objections either raise new arguments and factual

4

assertions not presented to Judge Baxter in the initial briefing,[1] rehash arguments previously presented to, and rejected by, Judge Baxter, or constitute a misapprehension of the law. (Dkt. No. 27.) Accordingly his objections invoke review only for clear error. *See Smurphat v. Hobb*, No. 8:19-CV-804, 2021 WL 129055, at *2 (N.D.N.Y. Jan. 14, 2021) ("[W]hen an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review." (citations omitted)); *Smith v. Hulihan*, No. 11 CV 2948, 2012 WL 4928904, at *1 (S.D.N.Y. Oct. 17, 2012) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the R & R, and indeed may not be deemed objections at all." (citations omitted)).

    The court has carefully considered the R&R, and finds no clear error in Magistrate Judge Baxter's thorough analysis, which squarely addresses Nicholas' arguments and provides multiple, appropriate reasons for

---

[1] For example, Nicholas includes with his objections twenty letters, spanning twenty-two years, from him to counsel and state courts, asking to review witnesses' grand jury testimony and other records. (Dkt. No. 27 at 18-56.) Despite being put on notice that Nicholas would need to show why equitable tolling is warranted here, (Dkt. No. 5), he submitted these letters for the first time with his objections.

denying and dismissing his petition.  Accordingly, the R&R is adopted in its entirety.[2]

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 24) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Nicholas' petition (Dkt. No. 1) is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that the court **DECLINES** to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

April 15, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

[2] In any event, even if Nicholas' objections were specific, and, thus, triggered *de novo* review, the R&R would be adopted and the petition would be denied and dismissed for the same reasons discussed in the R&R and by defendant Timothy McCarthy in his response to the objections, which need not be rehashed here.  (Dkt. No. 24; Dkt. No. 28, Attach. 1.)